O. F. PETERSON, Appellant, v. W. W. RANKIN & E. S. HUNN, Appellees.

**Contracts:** MERGER. The right to assign certain judgments under an option contract was settled by the making of a new contract conferring the right to purchase property, which the judgment creditor bought at execution sale under one of the judgments.

**Specific performance:** EVIDENCE. In this action for specific performance the evidence of plaintiff that he had offered to perform his part of the contract if defendant would stop moving buildings off the land in question, and who also testified in a general way that the buildings moved were upon the land in question,. and the evidence of defendant that he owned land adjoining. upon which the buildings moved were located, presented such conflict that the court was justified in finding that the buildings were not upon the land in question but upon adjoining land.

**Same:** EXTENSION OF CONTRACT: EVIDENCE. A letter offered in evidence in this case written by defendant after plaintiff's time for performance had expired, asking plaintiff to see the adjoining owner about the buildings and stating that he would have the adjoining owner enjoined if he did not stop, and also asking how plaintiff was coming with his deal, but making no reference to the contract in question, did not constitute an extension of the time for plaintiff to perform.

Same: PERFORMANCE: TENDER: GOOD FAITH. In the absence of proof
4  of performance, or offer of performance, by plaintiff of a contract
   expressly providing that he will pay a stated price for the property
   within a certain time and that defendant will then convey the land,
   time being made the essence of the contract, plaintiff is not
   entitled to specific performance.

*Appeal from Marion District Court.*—HON. J. H. APPLEGATE,
Judge.

THURSDAY, OCTOBER 23, 1913.

ACTION for specific performance and for damages.
Plaintiff's petition was dismissed on the merits, and a decree
entered, quieting title in defendants. Judgment against
plaintiff for costs, and he appeals. *Affirmed.*

*E. A. Lingenfelter,* for appellant.

*W. W. Rankin* and *Amos & Vanderploeg,* for appellees.

PRESTON, J.—Prior to August 7, 1908, plaintiff was the
owner of a judgment against the Wild Rose Coal & Mining
Company, and defendant Rankin was the owner of two
judgments against the same company. The coal company
owned a twenty-acre tract of land, on which were located cer-
tain mining or tenement houses. There was a coal shaft on
this land or the adjoining land. The company had leases to
other lands. Neither plaintiff nor defendant Rankin owned
the property at that time. It was claimed by Rankin that
his judgments were prior liens on the coal company's prop-
erties, to the lien of the plaintiff, and this seems to have been
conceded by plaintiff.

On August 7, 1908, the plaintiff and Rankin entered
into a contract, Exhibit A, by the terms of which plaintiff
agreed to purchase the judgments owned by Rankin for
1. CONTRACTS:    $1,300 and the accrued costs, $50 payable on
   merger.        the execution of the contract, and $1,250 with-
in ninety days. At or about the same time they had an oral

agreement, by the terms of which, to secure the property of the coal company, Rankin was to have execution issued on one of his said judgments, the property levied on and sold, which was done. The property was sold, bid in by Rankin, and the costs paid by plaintiff. The $1,250 was never paid. Under the. circumstances, it is not necessary to set out this contract, Exhibit A, in full. After this was done, the parties seem to have abandoned the contract, Exhibit A, and on October 29, 1909, they entered into another' contract, Exhibit B. It will be seen that Exhibit B was not entered into until nearly a year after the time when the $1,250 should have been paid under the prior contract. The subsequent contract has the effect of settling all the rights of the respective parties under the former contract, and we need now consider only the rights of the parties under the contract of date October 29, 1909.

In fact it is conceded by appellant in argument that appellant's case rests upon the construction of Exhibit B, and whether appellant's rights thereunder had expired at the time of the trial. Exhibit B is as follows:

### Exhibit B.

This memoranda of agreement witnesseth that for and in consideration of the payment of the sum of one hundred dollars by the 3d day of November, 1909, I agree to give to O. F. Peterson an option to buy my holdings at the mine and mining property known as Morgan Valley, for the sum of $1,400.00, at any time within thirty days from that date, time being the essence of this agreement, and, if the said Peterson elects to purchase said property within said time, I agree to give him or to whom he may direct in writing a special warranty deed to the real estate and a bill of sale to the chattel property, and an assignment of the judgment I own or cancel it of record, as directed, on the payment of $1,400.00, and deducting from said amount the amount of $100.00 paid for this option, provided that said money is paid by said time limit, or by December 3, 1909, and it is agreed and understood that, if the said O. F. Peterson should fail to exercise his rights under this option and make payment as specified herein, then said money paid by said Peterson for the option hereon shall be forfeited

to said W. W. Rankin as liquidated damages. This contract to be deposited with the Commercial Savings Bank of Des Moines, Iowa, signed by said W. W. Rankin, and to be turned over to said O. F. Peterson on his signing and on his paying to said bank to be sent to said Rankin the said sum of $100.00, and, if the said $100.00 is not paid by said November 3, 1909, the said bank to return same to said Rankin.

Dated this October 29, 1909, at Ottumwa, Iowa.

W. W. Rankin.
O. F. Peterson.

Plaintiff was present when the property was sold to Rankin at sheriff's sale. Rankin obtained a sheriff's deed. Rankin sold the property to defendant Hunn about March, 1910. Hunn was made a party defendant; plaintiff claiming that he had notice of plaintiff's rights. This sale to Hunn was made after December 3, 1909, the time when it is claimed by Rankin that the option or contract, Exhibit B, had expired.

Plaintiff did not perform his part of the contract by December 3, 1909, nor at any time, though he says he offered to do so upon condition. Plaintiff testifies that he told the defendant Rankin the money was ready any time he, Rankin, stopped Hunn taking the houses off the property. We do not find in the record that plaintiff fixed any date when he so told Rankin, whether before or after December 3, 1909. It appears that Hunn did move one or two houses, and plaintiff testifies, in a general way, that they were moved from the twenty acres in controversy. But Hunn owned land adjoining this twenty acres, and testifies that he had a survey made, and that the houses he moved were not on the twenty acres, but were on his own land. We think the weight of the evidence is with defendants on this point; at any rate there was a conflict in the evidence, from which the trial court may have so found, if it is at all material. Defendant then was offering to perform either before or after December 3, 1909, upon condition that Rankin stopped Hunn from mov-

2. SPECIFIC PERFORMANCE: evidence.

ing houses off the twenty acres, when in fact Hunn was not doing so. Plaintiff says the houses were moved before Rankin sold the property to Hunn, so that, even if the houses were on the twenty acres, from anything appearing in the record, Hunn was at that time a mere trespasser. Rankin did, in a letter hereafter referred to, say he would enjoin Hunn from taking the houses, if it was found after a survey they were on the twenty acres. Rankin then seems to have thought they were on the twenty acres, but recognized that there was a dispute about it, and offered to join in a survey.

The real contention of plaintiff is that the option or contract, Exhibit B, was extended by a letter, which is as follows:

### Exhibit H.

Ottumwa, Iowa, Jan. 19, 1910.

O. F. Peterson, Des Moines, Iowa—Dear Sir: I am informed that Hunn has removed one of the buildings from off the land at Morgan Valley, and that he is going to take two more. I wish you would go and see him, and, if he is going to attempt any such thing, let me know, and I will commence an injunction against him at once. Unless he says positively that he will let them alone, I will bring suit. He knows he has no right to them, and is only taking this advantage of me because I am not there and to protect myself. He knows that he never put those houses there, and has no right to them; besides, we have been in possession of the ground on which these stand for more than ten years. I will never think that any of the houses are on his ground until the land is surveyed, and, if he thinks they are tell him that I will join with him and have the county surveyor to survey the land. This he has never done, and if he has he has never been the man to let me know when he was going to do it so I could be there and see it done. I wish you would see him at once, and let me know what he says. I tried to get him by phone this morning, and they said he was sick, and they could not get him. Please attend to this at once. How are you coming along with your deal? Respect. [Signed] W. W. Rankin.

This letter was also written after December 3, 1909. We are unable to see anything in this letter which can be con-

strued in any manner as an extension of Exhibit B, the terms

**3. SAME: extension of contract: evidence.** of which are plain and unambiguous. Exhibit B is not referred to in the letter. The letter is no more than a request that plaintiff see Hunn about moving the houses, and to let Rankin know, in order that an injunction may be asked, or a survey had.

In this connection it should be stated that plaintiff testified that Rankin had never recognized the contract, Exhibit B, after December 3, 1909. Plaintiff must have performed

**4. SAME: performance: tender: good faith.** his part of the contract, or tendered performance in a legal manner, before he would be entitled to insist upon a performance by the other party to it. The parties made their agreement in clear and definite terms. The plaintiff agreed that he would pay a certain sum of money at a certain time, and defendant Rankin agreed that, in consideration of the performance of the agreement on the part of plaintiff, he would execute a deed to the property. Time is made the essence of the contract. Plaintiff does not claim that he performed his agreements according to the terms of the contract, nor does he offer any sufficient excuse for their nonperformance. The contract was a mere option, and it had expired by its terms. The time was not extended. The appeal is not meritorious, and the judgment and decree of the district court is therefore *Affirmed.*

WEAVER, C. J., and LADD and EVANS, JJ., concur.